2008 BNH 011
_____

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 08-11282-MWV
          Chapter 11
Nicholas B. Cohen,
        Debtor

*Laird J. Heal, Esq.*
*Attorney for Debtor*

*Michael A. Fuerst, Esq.*
*BUCKLEY AND ZOPF*
*Attorney for David B. Tuttle*

## MEMORANDUM OPINION

The Court has before it the motion of David B. Tuttle to determine that his claim is oversecured pursuant to 11 U.S.C. § 506(b). The Debtor, Nicholas B. Cohen, has objected to said motion.

The Court held a hearing on the motion on July 29, 2008, at which time the Court ordered that briefs be filed by August 12, 2008, and continued the motion to September 2, 2008, for this Court's decision. The briefs were filed by the parties, and the Court has now had the opportunity to review the briefs and exhibits before the Court.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

On August 30, 2004, the movant recorded a real estate attachment in the amount of $40,000 against property of the Debtor. On October 21, 2005, the movant received a judgment against the Debtor.

On November 18, 2005, the Debtor gave a mortgage on the property to Option One Mortgage in the amount of $140,000, which was recorded in the Sullivan County Registry of Deeds on December 14, 2005, over a year after the attachment was recorded. On March 22, 2007, the movant and the Debtor entered into an agreement pursuant to which the movant was paid the sum of $47,711. Paragraph 2(a) of that agreement reduced the attachment to $18,000. Paragraph 6 of that agreement stated, "the attachment shall be released upon resolution of the matters contained herein by further agreement of the parties or further court order." (Ex. 4.) On January 15, 2008, upon a renewed motion to dissolve the attachment brought by the Debtor, the Sullivan County Superior Court ordered, "motion granted to the extent that plaintiff's attachment is hereby reduced to $18,000.00." (Ex. 6.)

The title insurance policy issued at the time of the mortgage provided that the attachment was to be released and $40,000 deposited with the superior court. Neither of these actions took place. The movant was not a party to that transaction. There is absolutely no credible evidence on the record before this Court that the movant ever intended or agreed to dissolve the original attachment other than to reduce it to the sum of $18,000. The movant's attachment being recorded first in time has priority over the mortgage recorded on December 14, 2005.

The Debtor further argues that, pursuant to the holding in Chase v. Ameriquest Mortgage Co., 155 N.H. 19 (2007), equitable subrogation should apply, and the mortgage should have priority over the attachment. See Chase, 155 N.H. at 27 (providing that the doctrine of equitable subrogation "applies when one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor"). The Court disagrees. First, the mortgagee has not appeared in this matter, and the Debtor lacks standing to pursue subrogation on behalf of the mortgagee. Second, there are no equitable principles in this case as the Debtor received the total proceeds of the mortgage loan.[1]

---

[1] $40,783.52 of the $47,711 that the movant received on March 22, 2007, was paid from the Debtor's counsel's trust account and sixteen months after the mortgage transaction took place in late 2005.

Third, even if it did apply, the subrogation could only be to the extent of the $40,000 mentioned in the title insurance policy, and the movant would still be fully secured.  For all of the above reasons, the motion of the movant is granted, and the Court finds that the movant has a first priority attachment lien and is fully secured.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.  The hearing scheduled for September 2, 2008, is canceled.

DATED this 27th day of August, 2008, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge